IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DERREK E. ARRINGTON, | : | CIVIL NO. 3:CV-12-1219 |
| Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| WARDEN USP LEWISBURG, | : | |
| Respondent | : | |

## MEMORANDUM

Petitioner Derrek E. Arrington ("petitioner" or "Arrington"), an inmate presently confined at the United States Penitentiary at Lewisburg ("USP-Lewisburg") in Lewisburg, Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that the United States Parole Commission ("Commission") violated his due process rights. (Doc. 1, at 6-7.) For the reasons set forth herein, the petition will be denied.

I. **Background**

On June 2, 1992, Arrington was sentenced by the Superior Court of the District of Columbia, to an aggregate 25-year term of imprisonment for armed robbery and possession of a firearm during a crime of violence. (Doc. 9-1, at 4.) His original full term date was December 28, 2016. (Doc. 9-1, at 4.) His "short term" or mandatory release "M.R." date was July 2, 2008. (Id.) He was parole eligible on March 14, 1998. (Id.) According to the Certificate of Parole, the Board paroled him from this sentence on July 13, 1998, and he was to remain under parole supervision until December 28, 2016, his full term date. (Id. at 5-6.)

On April 26, 2000, the District of Columbia Board of Parole("Board") issued a parole violation warrant based on allegations that Arrington had violated the conditions of his parole on charges that included, *inter alia*, use and possession of a firearm and failure to obey all laws. (Doc. 9-1, at 7-8.)

On May 18, 2001, Arrington was sentenced by the United States District Court for the District of Columbia to a 240-month term of imprisonment (non-parole-eligible) for assaulting a federal officer with a dangerous weapon and unlawful possession of a firearm by a convicted felon. (Doc. 9-1, at 10.) He is scheduled to be released from that sentence *via* good conduct time release on November 12, 2017. (Id. at 10-11) Upon his release, the parole violation warrant will be executed. (Id. at 12.) Until such time, the Board's parole violation warrant remains lodged as a detainer. (Id.)

He filed the instant petition challenging the detainer and arguing that the Commission has violated his due process rights in misinterpreting and failing to adhere to guidelines relating to his short-term or mandatory release date. (Doc. 1.) He further states in his "response to Governments denial of writ of habeas corpus" that the Commission's failure to provide him with a parole revocation hearing violates his due process rights. (Doc. 10, at 1-2.) He is seeking "relief by way of removal of the parole detainer and adhering to petitioner's short term release date, [and] granting a revocation hearing" so he is able to receive consideration for community placement. (Id. at 2.)

II. **Discussion**

Title 28 U.S.C. § 2241 "confers jurisdiction on district courts to issue writs of habeas

2

corpus in response to a petition from a state or federal prisoner who 'is in custody in violation of the Constitution or laws or treaties of the United States.'" Coady v. Vaughn, 251 F.3d 480, 484 (3d Cir. 2001); 28 U.S.C. § 2241(c)(3).

The Commission is vested with discretion with regard to a District of Columbia offender's parole. See United States v. Addonizio, 442 U.S. 178 (1979); Muhammad v. Mendez, 200 F. Supp.2d 466 (M.D.Pa. 2002); McRae v. Hyman, 667 A.2d 1356 (D.C. 1995) (holding that the District of Columbia's parole scheme confers discretion to grant or deny parole, and the scoring system creates no liberty interest overriding the exercise of that discretion). Specifically, the Commission "has full authority to grant, deny, or revoke a District of Columbia offender's parole, and to impose or modify conditions upon an order of parole." Id. (citing D.C. Code § 24-131(a)).

It is well-settled that "there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 7 (1979). Once parole is granted, however, the United States Supreme Court held in Morrissey v. Brewer, 408 U.S. 471 (1972) that parole is a liberty interest that is protected by the Fourteenth Amendment and cannot be revoked without due process safeguards. See Morrissey, 408 U.S. at 482. In addressing the timeliness of such procedural safeguards, in Moody v. Daggett, 429 U.S. 78 (1976), the Supreme Court held that the requirement for a timely parole revocation hearing contemplated under Morrissey did not apply where the individual has already been lawfully deprived of his liberty and is already in custody on a criminal conviction, as is the case here, because the

3

"present confinement and consequent liberty loss derive not in any sense from the outstanding parole violator warrant, but from his two [subsequent] . . . convictions." Moody, 429 U.S. at 86. The issuance of a parole violator warrant itself does not result in any loss of a protected liberty interest; rather, only once the warrant is executed and the parole violator is taken into custody upon the warrant is the liberty interest in parole implicated and due process protections required. Moody, 429 U.S. at 87. As the Moody court explained: "[i]ndeed, in holding that '(t)he revocation hearing must be tendered within a reasonable time after the parolee is taken into custody,' Morrissey, 408 U.S., at 488, 92 S.Ct., at 2603, we established execution of the warrant and custody under that warrant as the operative event triggering any loss of liberty attendant upon parole revocation. This is a functional designation, for the loss of liberty as a parole violator does not occur until the parolee is taken into custody under the warrant. Cf. 18 U.S.C. § 4206; 18 U.S.C. § 4213(d) (1976 ed.)." Id. at 87. Because Arrington has not yet been taken into custody under the warrant, his claim that he is entitled to a revocation hearing is without merit.[1]

Arrington fares no better in arguing that the Commission is not honoring his original short term or mandatory release date in that he fails to recognize that the original short term or mandatory release date becomes null and void upon release on parole.

The District of Columbia law in effect at the time petitioner committed his

---

[1] The regulations further provide that when a parolee "is serving a new sentence of imprisonment for a crime committed while on parole . . ., a parole violation warrant may be filed against him as a detainer." 28 C.F.R. § 2.100(a).

4

offenses, and applied by the Board and the Commission, provided that good-time credits are "applied to the person's minimum term of imprisonment to determine the date of eligibility for release on parole and to the person's maximum term of imprisonment to determine the date when release on parole is mandatory." D.C. Code § 24-221.01 (formerly § 24-429.1). The statute means that once the minimum sentence, less good time, is served, an inmate is eligible for parole, and when the maximum sentence, less good time, has been served, an inmate has reached his mandatory release date. Murray v. Stempson, 633 A.2d 48, 49-50 (D.C. 1993). Thus, the statute applies only to parole eligibility and mandatory parole dates. There is no mention in this statute as to its application to an inmate's full-term date, namely, the date on which the maximum term for which he was sentenced would be reached. Instead, another statute provides that while on parole, a prisoner remains in the custody of the Attorney General of the United States "until the expiration of the maximum of the term or terms specified in the sentence without regard to good time allowance." D.C. Code § 24-404(formerly § 24-204).

Sanders v. U.S. Parole Comm'n, No. 05-2003, 2006 WL 473786, at *2 (D.D.C. February 28, 2006). When parole is revoked, "[t]he time a prisoner was on parole shall not be taken into account to diminish the time for which he was sentenced." D.C. Code § 24-406(a). Upon each parole revocation, a "petitioner's sentence [is] not increased, but rather, the [USPC] rescind[s] credit towards completion of that sentence for time spent on parole, as required by D.C. law." Campbell v. U.S. Parole Comm'n, 563 F. Supp.2d 23, 25 (D.D.C. 2008). The offender then "serve[s] the remainder of the sentence originally imposed less any commutation for good conduct which may be earned by him *after his return to custody*," and "[f]or the purpose of computing commutation for good conduct, the remainder of the sentence originally imposed shall be considered as a new sentence." D.C. Code § 24–406(a) (emphasis added). After parole is revoked, "the acquisition of good time credit to advance a release date begins anew." Lorando v. Waldren, 629 F. Supp.2d 60, 62 (D.D.C. 2009).

5

## III. Conclusion

For the foregoing reasons, the petition for writ of habeas corpus (Doc. 1) will be denied. An appropriate Order will issue.

BY THE COURT:

s/James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court

Dated: November 4, 2013